IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **EPSON AMERICA, INC.,** | : | |
| Plaintiff, | : | Case No. 1:20-CV-12102-RWZ |
| vs. | : | |
| **GOODEE, et al.,** | : | |
| Defendants. | : | |

## ANSWER OF DEFENDANT WIMIUS[1]

Shenzhen Shangruixing Technology Co. Ltd. (深圳市尚锐兴科技有限公司) ("Defendant"), allegedly referred to as "WiMiUS" in the Complaint, hereby answers the clams asserted by Plaintiff Epson America, Inc. ("Epson") in the Complaint (the "Complaint") filed November 23, 2020, as follows:

## INTRODUCTORY STATEMENT

Defendant has not been served, and thus this Answer is filed solely to preserve all defenses and does not waive any objection to personal jurisdiction, service, and service of process. Defendant tenders this Answer in the interest of judicial economy and in the interest of conserving costs and resources for all involved. Nevertheless, Defendant objects to these proceedings and objects to this Court's jurisdiction.

Epson's "Affidavit of Service by Counsel Morgan T. Nickerson" states that WiMiUS was served, but the affidavit fails to include a copy of the summons allegedly served on WiMiUS. Because the summons is improper (e.g., because the summons names WiMiUS and not Defendant)

---

[1] Shenzhen Shangruixing Technology Co. Ltd. received a copy of the Complaint filed against "WiMiUS" but is not "WiMiUS." [*See infra* at p. 2.]

and the emailed copy of the summons/complaint was sent to Defendant and not WiMiUS, Defendant has not been properly served.

Furthermore, Epson has acknowledged that WiMiUS is a Chinese entity [Compl. ¶ 8, Doc. No. 1], and Defendant states that it is a Chinese entity. Defendant failed to serve Defendant and/or WiMiUS as provided by the Hague Convention, thereby rendering Epson's attempted service invalid as a matter of law. *See Furukawa Elec. Co. of N.A. v. Yangtze Optical Fibre & Cable Co.*, No. 05-11219, 2005 U.S. Dist. LEXIS 27976, at *8-10 (D. Mass. Nov. 16, 2005).

Additionally, Epson's motion for alternative service [Doc. No. 6] requested this Court's approval of service on an entity that Epson concedes is not Defendant (or WiMiUS). Epson stated that the "Amazon.com page . . . lists the entity name as 'SHENZHENSHI SHANGRUIXING KEJIYOUXIANGONGSI" rather than "Wiumius Technologies Co., Limited." [*Id.* at 1.] Epson's attempt to serve an unknown third party on behalf of Defendant and/or WiMiUS is improper. Moreover, the service attested to by Epson is false because Defendant received service, not WiMiUS. [*See* Doc. No. 8 at ¶ 4 (attesting that the summons and complaint was served upon Defendant "via Amazon.com's electronic mail service on December 3, 2020").]

Accordingly, Defendant objects to these proceedings and objects to this Court proceeding with this matter unless and until Epson perfects service as mandated by the Hague Convention or otherwise provided under the law.

## **ANSWER SUBJECT TO OBJECTION**

1. Defendant denies the allegations contained in paragraph 1.
2. Defendant denies the allegations contained in paragraph 2.
3. Defendant denies the allegations contained in paragraph 3.
4. Defendant denies the allegations contained in paragraph 4.

5. Defendant denies the allegations contained in paragraph 5.

6. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and therefore denies the same.

7. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and therefore denies the same.

8. Defendant denies the allegations contained in paragraph 8.

9. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and therefore denies the same.

10. Defendant denies the allegations contained in paragraph 10.

11. Defendant denies the allegations contained in paragraph 11.

12. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and therefore denies the same.

13. Defendant admits the allegations contained in paragraph 13.

14. Defendant denies the allegations contained in paragraph 14.

15. Defendant denies the allegations contained in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and therefore denies the same.

26. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and therefore denies the same.

27. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and therefore denies the same.

28. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and therefore denies the same.

29. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and therefore denies the same.

30. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and therefore denies the same.

31. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and therefore denies the same.

32. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and therefore denies the same.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

36. Defendant denies the allegations contained in paragraph 36.

37. Defendant denies the allegations contained in paragraph 37.

38. Defendant denies the allegations contained in paragraph 38.

39. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 and therefore denies the same.

40. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 and therefore denies the same.

41. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 and therefore denies the same.

42. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 and therefore denies the same.

43. Defendant denies the allegations contained in paragraph 43.

44. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 and therefore denies the same.

45. Defendant denies the allegations contained in paragraph 45.

46. Defendant denies the allegations contained in paragraph 46.

47. Defendant denies the allegations contained in paragraph 47.

48. Defendant denies the allegations contained in paragraph 48.

49. Defendant denies the allegations contained in paragraph 49.

50. Defendant denies the allegations contained in paragraph 50.

## **COUNT I**
### **False Advertising Unfair Competition – Lanham Act**
### **(As to all Defendants)**

51. In response to paragraph 51, Defendant incorporates its previous answers as if fully rewritten herein.

52. Defendant denies the allegations contained in paragraph 52.

53. Defendant denies the allegations contained in paragraph 53.

54. Defendant denies the allegations contained in paragraph 54.

55. Defendant denies the allegations contained in paragraph 55.

56. Defendant denies the allegations contained in paragraph 56.

57. Defendant denies the allegations contained in paragraph 57.

58. Defendant denies the allegations contained in paragraph 58.

## COUNT II
### Violation of M.G.I. c. 93A
### (As to Goodee)

59. In response to paragraph 59, Defendant incorporates its previous answers as if fully rewritten herein.

60. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 and therefore denies the same.

61. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 and therefore denies the same.

62. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 and therefore denies the same.

63. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 and therefore denies the same.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

1. Plaintiff's claims are barred in whole or in part by the doctrine of mootness, in that Defendant, at Plaintiff's request, has ceased the activity complained of in the Complaint.

2. Plaintiff's claims are barred in this Court for want of personal jurisdiction over the Defendant.

3. Plaintiff's claims are barred insofar as the representations complained of in the Complaint are actually or substantially true.

4. Defendant's representations about its product(s) were based upon good faith reliance on the results of product testing performed by third parties on behalf of the product manufacturer.

5. Defendant acted in good faith, barring Plaintiff's prayer for treble damages for willful, intentional, and deliberate acts under the Lanham Act.

6. The injury or damage of which Plaintiff complains was not proximately caused by Defendant's conduct.

7. Plaintiff's Lanham Act claim is barred for lack of standing.

8. Plaintiff's Complaint, in whole or in part, should be dismissed for lack of standing to assert the claim and/or seek damages for the allegations asserted.

9. Even if Plaintiff prevails in this action, this case is not an exceptional case that would entitle Plaintiff to recover its attorneys' fees under 15 U.S.C. § 1125(a).

10. Plaintiff's Complaint should be dismissed as to Defendant for insufficient process and insufficient service of process, and moreover that Plaintiff's attempts to serve Defendant were done in a way that Plaintiff attempted to circumvent laws regarding service, including that of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

11. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

12. The Complaint, in whole or in part, fails to state a claim for which relief can be granted as Plaintiff has not pled the claims with sufficient particularity.

13. Plaintiff's Complaint, in whole or in part, may be barred by the statute of limitations.

14. Plaintiff's Complaint, in whole or in part, is barred by the doctrine of laches, in that Plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of Defendant's actions.

15. Plaintiff's Complaint is barred insofar as the representations complained of in the Complaint are actually or substantially true, there was no consumer confusion, no material statement at issue, and no damages based on the allegations contained in Plaintiff's Complaint.

16. Plaintiff's Complaint should be dismissed because its allegations are based on puffery and/or a statement of opinion.

17. Plaintiff's Complaint, in whole or in part, may be barred by the doctrine of unclean hands.

18. To the extent Defendant is liable to Plaintiff (liability for which Defendant specifically denies), Plaintiff's damages may be barred or otherwise limited for the failure to mitigate its damages.

19. Plaintiff is entitled to no award because Plaintiff's damages, if any, were not caused by Defendant.

20. Plaintiff's Complaint is barred because it infringes upon Defendant's First Amendment rights and the Complaint intends to limit commercial speech such that Plaintiff can unlawfully dominate a market by depriving consumers with valuable information or may otherwise monopolize the marketplace by regulating such speech.

21. Plaintiff's Complaint should be dismissed on the ground that Plaintiff failed to join a necessary and indispensable party.

22. Defendant reserves the right to amend or add such additional separate affirmative defenses that may become available during its investigation into the facts and circumstances alleged in the Complaint (which are unclear and require clarification), through discovery, or at trial, and to conform any such additional defenses that it may have to the evidence as permitted by Fed. R. Civ. P. 15.

/s/ Thaddeus Lenkiewicz
Thaddeus M. Lenkiewicz BBO #686298
Dinsmore & Shohl, LLP
101 Arch Street, Suite 1800
Boston, MA 02110
Telephone: (857) 305-6400
Facsimile: (857) 305-6401
Email: Thaddeus.Lenkiewicz@dinsmore.com
**Attorneys for Defendant WiMiUS**

## CERTIFICATE OF SERVICE

This is to confirm that a copy of the foregoing was electronically filed on February 15, 2021. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and the filing may be accessed through that system.

/s/ Thaddeus Lenkiewicz
Thaddeus Lenkiewicz

17432394.2